Filed 8/14/26  P. v. Thatcher CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID CHARLES THATCHER,<br><br>    Defendant and Appellant. | F090792<br><br>(Super. Ct. No. VCF077196B-01)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Tulare County.  Jennifer Conn Shirk, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Detjen, Acting P. J., Franson, J. and Snauffer, J.

On October 23, 2025, the trial court attempted to hold a resentencing hearing for defendant David Charles Thatcher. However, he refused to appear at the hearing, and the court left the previous sentence in place. On appeal, appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), identifying no error and asking our court to determine whether there are any arguable issues on appeal.[1] Thatcher was afforded an opportunity to submit a letter brief, and he did so. After reviewing the record and considering the contentions raised by Thatcher, we affirm.

## PROCEDURAL HISTORY AND BACKGROUND

On November 8, 2001, a jury found Thatcher guilty of four counts of second degree robbery (Pen. Code,[2] § 211) and one count of grand theft of a firearm (§ 487, former subd. (d)). The jury also found true that, as to three of the robbery counts, Thatcher personally used a firearm (§ 12022.53, subd. (b)). As to the fourth robbery count, the jury found true that Thatcher personally used a deadly weapon (§ 12022, subd. (b)(1). At a bifurcated proceeding, the court found true two prior strike conviction allegations (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), two prior serious felony conviction allegations ((§ 667, subd. (a)(1)), and two prior prison term allegations (§ 667.5, former subd. (b)).

On December 18, 2001, Thatcher was sentenced to an aggregate term of 162 years to life, which included a prior prison term enhancement. Thatcher appealed. Our court

---

[1] Pursuant to *Delgadillo*, which applies to certain postconviction proceedings, we are not required to conduct an independent review of the entire record. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 222–227, 232; *People v. Rosemond* (2025) 108 Cal.App.5th 667, 671–674.) Instead, when a defendant files a letter brief, as defendant did here, we are only "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at p. 232.) This procedure does not bar us from exercising our discretion to conduct an independent review of the record. (*Rosemond*, at p. 673.)

[2] All further undesignated statutory references are to the Penal Code.

reversed the conviction on the count of grand theft of a firearm, resulting in an aggregate term of 137 years to life. This term included a prior prison term enhancement.

On June 29, 2023, the trial court held a resentencing hearing pursuant to section 1172.75. The court struck the prior prison term enhancement, as well as the prior serious felony enhancement, and imposed an aggregate term of 131 years to life. Thatcher was not present at the hearing because defense counsel waived his presence.

On or about March 13, 2024, Thatcher sent a letter to the trial court, asking about the status of his resentencing hearing. In response, the court sent Thatcher a copy of the June 29, 2023 resentencing order.

On March 7, 2025, defense counsel filed a request for a new resentencing hearing on the ground that Thatcher was not present at the resentencing hearing. The trial court granted the request.

On April 29, 2025, Thatcher filed a motion, asserting that he had a conflict with defense counsel and asking that different counsel be appointed. He also asked for the resentencing hearing to be continued.

On May 15, 2025, Thatcher was not present at the resentencing hearing, and the trial court continued the matter.

On August 11, 2025, Thatcher was not present at the resentencing hearing, and the trial court continued the matter.

On October 7, 2025, Thatcher filed three motions. One motion was filed pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). He asserted there was a fundamental breakdown in the attorney-client relationship, that he was receiving incompetent representation, and that there was a conflict between himself and defense counsel. He asked the court to appoint different counsel. He also filed a motion to modify the transportation order, asking that he be transported directly from prison to Tulare County Superior Court. Finally, he filed a motion to stay the proceedings until October 2028.

3.

On October 23, 2025, the trial court attempted to hold the resentencing hearing, but Thatcher was not present. The court stated that Thatcher had previously refused to be transported to court for the resentencing hearing, and he was advised that if he refused to be transported again, the court would proceed without him. Despite this warning, he once again refused to be transported. Accordingly, the court denied Thatcher's motions and left the June 29, 2023, sentence in place.

On November 21, 2025, Thatcher filed a notice of appeal.

## DISCUSSION[3]

As noted above, Thatcher's appellate counsel filed a brief identifying no basis for relief and requesting that we determine whether there are any arguable issues on appeal. Thatcher subsequently submitted a letter brief. Having carefully reviewed the entire record, we conclude that there is no arguable issue on appeal.

As to Thatcher's letter brief, he argues defense counsel was ineffective. According to Thatcher, he told defense counsel that he wanted defense counsel to submit mitigating circumstances to the court, including his age at the time of the crime, drug use, and childhood trauma. However, defense counsel refused, stating that it was not his job to do so. Additionally, Thatcher told defense counsel that if the court denied his motion to modify the transportation order, he wanted to appear remotely. However, defense counsel never informed the court. Finally, defense counsel's failure to act as a diligent advocate resulted in Thatcher not being able to appear at the hearing.

The defendant has the burden of proving ineffective assistance of counsel. (*People v. Pope* (1979) 23 Cal.3d 412, 425, overruled on other grounds in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.) To establish such a claim, a defendant must show (1) his counsel's performance fell below an objective standard of

_____

[3] Because the facts underlying the offense are not relevant to the issue on appeal, we omit a summary of those facts. The relevant facts are included in the Procedural History and Background section, *ante*.

4.

reasonableness and (2) prejudice, that is, but for counsel's unprofessional error a different result would have been reasonably probable. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694.) "Because of the difficulties inherent in making the evaluation [of counsel's performance], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " (*Id*. at p. 689.)

"It is … particularly difficult to establish ineffective assistance of counsel on direct appeal, where we are limited to evaluating the appellate record. If the record does not shed light on why counsel acted or failed to act in the challenged manner, we must reject the claim on appeal unless counsel was asked for and failed to provide a satisfactory explanation, or there simply can be no satisfactory explanation." (*People v. Scott* (1997) 15 Cal.4th 1188, 1212.) Reversal is permitted " 'only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.' " (*People v. Arredondo* (2019) 8 Cal.5th 694, 711.)

Thatcher's ineffective of assistance of counsel claim fails on direct appeal. Nothing in the record supports his assertions regarding his alleged communications with defense counsel. Additionally, the record does not show, nor does Thatcher describe, the mitigating evidence he wanted defense counsel to submit. As we do not know what evidence could have been submitted, we cannot find that a different result would have been reasonably probable had the evidence been submitted.

## DISPOSITION

The order issued on October 23, 2025, is affirmed.